IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RANDELL BROWN, Register No. 179887, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-4232-CV-C-WAK |
| | ) | |
| KEITH V. FORTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to the August 31, 2006 hearing on defendants' motions for summary judgment, this court finds that summary judgment should be granted, in part, and denied, in part.[1]

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In

---

[1] With the consent of the parties, the above-captioned matter was transferred to the undersigned for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c).

ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Facts

On April 12, 2001, plaintiff Randell Brown and other inmates were being transported as a group in five Missouri Department of Corrections (MDOC) vehicles by the MDOC named defendants in this case. At the time plaintiff was loaded into a van, he was fully shackled with a belly chain, handcuffs, a black box, and leg chains. The restraints placed on plaintiff prevented him from having the ability to seatbelt himself without assistance and prevented him from bracing himself in the event of an accident. Plaintiff states that despite his request to have his seatbelt fastened, he was refused. Plaintiff states that taunting remarks were made, including "Aw hell, you all will be all right" and "What, you don't trust our driving?" MDOC policy provides that inmates' seatbelts should be fastened if available.

Subsequently, while traveling on Highway 50-63 near Jefferson City, Missouri, the MDOC van in which plaintiff was riding, driven by defendant Fortner, and the MDOC vehicle directly behind, driven by defendant Scott, were involved in an accident. Plaintiff and other inmates state that the MDOC vehicles were driving in a convoy formation, speeding, and following too closely. Plaintiff states that he and other inmates asked Fortner to stop driving recklessly, but Fortner did not respond. As a result of the accident, plaintiff was injured.

Plaintiff states the actions of defendants constituted deliberate indifference to his health and safety in violation of the Eighth Amendment. Defendants dispute the evidence presented by plaintiff and assert that plaintiff has insufficient evidence to support a deliberate indifference claim. Defendants assert that the evidence allows, at most, a claim of negligence.

## Discussion

The Eighth Circuit has held that failure to provide a seatbelt to a prisoner and to drive in such a manner as to put a prisoner at risk of injury can collectively constitute deliberate indifference to a prisoner's safety and health. Brown v. Morgan, 39 F.3d 1184 (8th Cir. 1994) (unpublished). See also Pendleton v. Schroeder, 1998 WL 273000 at *2 (N.D. Cal. 1998) (if the

2

officials were aware that the close convoying and lack of seatbelts put inmates at a substantial risk of injury, it is irrelevant that they did not predict the particular accident and prisoner had an Eighth Amendment claim); cf. Dexter v. Ford Motor Co., 92 Fed. Appx. 637, 2004 WL 254753 at *3 (10th Cir. 2004) (with no allegations of reckless driving, a failure to seatbelt alone failed to support Eighth Amendment claim against correctional officers). In the instant case, in taking the evidence in the light most favorable to the plaintiff, there is sufficient evidence to support a deliberate indifference claim against defendants Fortner and Scott.

Plaintiff provides evidence from which a reasonable jury could find that defendant Fortner failed to provide a seatbelt to plaintiff upon plaintiff's request, and operated the Missouri Department of Corrections (MDOC) transport van in such a manner that a substantially increased risk of harm to plaintiff existed. Plaintiff's evidence indicates that Fortner was driving the van in a convoy formation with other MDOC vehicles at excessive rates of speed, following too closely and being followed too closely, which significantly increased the risk of an accident. Plaintiff also provides evidence that the increased risk of an accident posed by Fortner's driving was done with Fortner's knowledge of plaintiff's vulnerability due to his hands and legs being completely restrained with a belly chain, handcuffs, black box, and leg chains; and being without a seatbelt.

Plaintiff also provides evidence against defendant Scott from which a reasonable jury could find that he drove recklessly and with the knowledge that plaintiff was being unrestrained by a seatbelt. Plaintiff provides evidence that Scott was speeding, following too closely in convoy formation, and was inattentive in his driving. Plaintiff further provides evidence that Scott was aware that plaintiff was unrestrained by a seatbelt and vulnerable to injury in the event of an accident because he was fully shackled.

Because defendants Fortner and Scott dispute the evidence presented by plaintiff and because this court finds that such evidence is sufficient for a reasonable jury to find a violation of plaintiff's Eighth Amendment rights, the court finds that there are genuine issues of material fact that must be resolved at trial. Summary judgment is denied with respect to defendants Fortner and Scott.

The court finds, however, that plaintiff has failed to come forward with sufficient evidence to create a dispute of material fact as to the remaining defendants who drove the other

MDOC vehicles in the convoy, but were not involved in the accident. Whether these other drivers of the MDOC vehicles in the convoy, Green, Edwards, Woodard, and Miller, were deliberately indifferent or not; the undisputed fact is that they did not cause or contribute to cause the accident or increase plaintiff's injuries. Even if these other drivers and their MDOC vehicles were not present, the probability of the accident occurring would not have been increased or decreased, because it was the driving of Fortner and Scott that caused the accident and resulted in plaintiff's injuries. The court further notes that plaintiff is not alleging that these other MDOC drivers were coconspirators or accessories to the accident. Therefore, defendants Green, Edwards, Woodard and Miller are entitled to judgment as a matter of law.

As to the issue of qualified immunity shielding the remaining defendants, Fortner and Scott, the court finds that defendants' argument fails. Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Government employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

As set forth above, there is sufficient evidence presented by plaintiff to allow him to proceed on his claims that defendants Fortner and Scott violated his constitutional rights. Thus, the remaining issue as to qualified immunity is whether the right was clearly established, such that a reasonable person would have known his actions violated plaintiff's constitutional rights.

The court finds that the law was clearly established at the time of the accident and provided that subjecting inmates to unreasonable and substantial risk of injury from reckless driving while they were not wearing seatbelts was a violation of their constitutional rights. The

4

court again notes the holding of the 1994 Eighth Circuit case, Brown v. Pulaski, 39 F.3d at 1184. Moreover, even disregarding such case, the court finds that at the time of the accident, it was clearly established that subjecting inmates to unreasonable and substantial risk of harm was a violation of their constitutional rights. See Farmer v. Brennan, 511 U.S. 825 (1994); Fruit v. Norris, 905 F.2d 1147, 1150 (8th Cir. 1990).

Therefore, this court finds that remaining defendants Fortner and Scott are not shielded from liability on qualified immunity grounds.

IT IS ORDERED that the motion of defendants Green, Edwards, Woodard, Miller and Fortner is granted, in part, and denied, in part, and summary judgment is granted in favor of defendants Green, Edwards, Woodard and Miller, and denied with respect to defendant Fortner [213]. It is further

ORDERED that defendant Scott's motion for summary judgment is denied [214].

Dated this 25th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge